BENJAMIN RANDALL & wife *vs.* EASTERN RAILROAD COMPANY.

Not to light highways is not negligence on the part of a city or town.

TORT to recover for personal injuries alleged to have been occasioned to the female plaintiff by her falling off a bridge by which a highway in Charlestown crosses the defendants' railroad, and which the defendants were bound to keep in repair, but had negligently failed to fence.

At the trial in this court, before *Colt*, J., it appeared that the night of the accident was very dark, and there was no light of any kind in the neighborhood of the place of the accident. The defendants requested the judge to instruct the jury, " that the plaintiffs must show that the accident was caused solely by the failure of the defendants to keep the bridge in proper repair, so as to be safe; that unless the jury found that such failure was the sole cause of the accident, without any contributory negligence on the part of the female plaintiff, or any other person or corporation

Randall *v.* Eastern Railroad Company.

the plaintiffs could not recover; and that if the city of Charlestown was negligent in failing to maintain proper lights at or near the bridge, and such negligence contributed to the accident, so that the jury could say that, but for such negligence, the accident would not have happened, then the plaintiffs could not recover, even if the jury found that the defendants were negligent and that the female plaintiff used due care." The judge declined so to instruct the jury; and instead thereof instructed them " that the defendants would be liable, if, as between them and the plaintiffs, they were solely at fault; that if the jury found that the female plaintiff was in the exercise of ordinary care, and the defendants had negligently failed to maintain proper protection to travellers, at the place of the accident, and the injury was caused solely by such failure, as between them and the plaintiffs, the negligence of any other person or corporation, not a party to the suit, and not imputable to the female plaintiff, contributing to the accident, would not prevent the plaintiffs from being entitled to a verdict, or constitute a defence ; and that the fact that there was or was not a light near the bridge was important, as affecting the question whether the female plaintiff was in the exercise of due care." The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*S. B. Ives, Jr.*, for the defendants.

*T. H. Sweetser*, (*W. S. Gardner* with him,) for the plaintiffs.

GRAY, J. The exception taken in this case is founded solely upon the alleged negligence of the city of Charlestown to provide proper lights at the place in question. But cities and towns are under no obligation to light highways. *Sparhawk* v. *Salem*, 1 Allen, 30. *Macomber* v. *Taunton*, 100 Mass. 255. It does not therefore appear that there was any evidence that the negligence of the city of Charlestown, or of any other corporation or person than the defendants, contributed to the accident. The question sought to be presented by the defendants' requests for instructions does not appear to have arisen in the case ; and the defendants show no ground of exception to the instructions given, as applied to the case on trial.                *Exceptions overruled.*