# THE CITY OF CHICAGO

*v.*

# ANDREW J. WRIGHT *et al.*

NEGLIGENCE—*draw-bridge over Chicago river.* In an action on the case against the city of Chicago to recover for an injury received in consequence of negligence, it appeared that the plaintiffs' horses and carriage, on a dark and rainy night, in attempting to cross a draw-bridge over the Chicago river, were precipitated into the stream, the horses drowned and their carriage injured. The bridge was open at the time, and there were

no barriers or guards to prevent persons from walking from the abutments and falling into the river, and the place was not properly lighted so that the driver could see that the bridge was drawn. The street was also a great thoroughfare: *Held*, that a verdict finding the city guilty of negligence in not using proper precautions to protect the public against casualty, would not be disturbed.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action on the case, by Andrew J. Wright, and Samuel F. Wright, partners, etc., against the city of Chicago. The facts of the case appear in the opinion.

Mr. I. N. STILES, for the appellant.

Mr. J. V. LE MOYNE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the night of the 3d of October, 1869, one Thompson, together with a pair of horses attached to a carriage, was precipitated from the abutment into the Chicago river at the Wells street bridge, while the bridge tender was in the act of swinging the bridge into its place, it having a short time previously been swung open to allow a vessel to pass. The horses were drowned and the carriage damaged. They were the property of the appellees, and Thompson was in their employ as a driver. Appellees brought their action on the case against the City of Chicago, and recovered a judgment for $900, which is admitted to be a fair estimate of the damage sustained.

The city prayed an appeal, and now asks a reversal of the judgment, on the ground that the evidence does not justify the finding of the jury and the judgment of the court below.

The accident occurred on a dark and rainy night. It appeared, from the evidence, that the horses were seen to approach the bridge walking; that they walked right up to the chasm and into the river. There were railings or barriers

at each side of the approach to the bridge, but none at the end of the approach, so that when the bridge was open, there was a sheer descent in the middle of the highway of twelve or fifteen feet to the water. The city had no one at this place to prevent accident, and no precaution whatever was adopted to guard against it, except the lighting of two ordinary gas lamps, standing at quite a distance back of the opening, how far back the witnesses differ in their statements. The bridge was a great thoroughfare. This opening made in the thoroughfare, when the bridge was swung open, must have been a very dangerous spot in a dark night, requiring corresponding care on the part of the city to guard against the danger. There was evidence tending to show that the place was insufficiently lighted.

The jury have found that the city was guilty of negligence in not using proper precautions to protect the public against casualties like the one in question, and we see nothing in the evidence to justify us in disturbing their verdict.

The judgment of the court below is affirmed.

*Judgment affirmed.*