# THE CITY OF FREEPORT

*v.*

# JOHN T. ISBELL.

1. CITIES—*duty and liability in respect to lighting the streets.* The failure of a city to avail itself of a power to light its streets, can not be regarded as an act of negligence, in an action brought by a person who receives injury by falling into an excavation in the sidewalk or street, in the night-time.

2. If a city, however, assumes to light a street or bridge, under a discretionary power, and does it in such a negligent manner as not to afford proper security from danger, and a person is injured by falling into an excavation in the night-time, the omission may be shown on the question of negligence.

3. INSTRUCTIONS—*should not be doubtful.* An instruction should be so drawn as not to be of doubtful or uncertain meaning, as otherwise the jury may be misled by it.

4. SAME—*should refer to evidence.* An instruction that the jury should give the plaintiff such damages as they can, under their oath, say will be a fair compensation, in case of a finding in his favor, is erroneous, in not confining their finding of damages to such as are shown by the evidence.

83   440
s204 ⁴523

Appeal from the Circuit Court of Stephenson county; the Hon. William Brown, Judge, presiding.

Mr. H. C. Hyde, and Mr. John C. Kean, for the appellant.

Mr. J. M. Bailey, and Mr. J. I. Neff, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by appellee, against the city of Freeport, to recover damages for an alleged injury received on the sidewalk of the city, on the night of July 1, 1875, caused by a fall from the sidewalk into an excavation under the same, caused, as is alleged, by negligence on the part of the city, in not having the excavation properly barricaded or fenced in such a manner as to protect persons traveling on the sidewalk from falling, in the night-time, in the excavation.

A trial of the cause before a jury resulted in a verdict in favor of appellee, for $6000. Pending a motion for a new trial, a *remittitur* of $1500 was entered, and the court rendered judgment in favor of appellee for $4500, to reverse which this appeal was taken by the city.

The first error complained of by appellant, which we deem it necessary to consider, is, that the court allowed improper evidence to be given to the jury, tending to prove negligence on the part of appellant, in not having the street where the accident occurred properly lighted with gas, at the time the injury was received.

The evidence introduced tended to show that the street was not lighted; that there was, at the time, a gas main running up through the street; that gas lamp posts were standing along the street, several of which were near the place where the accident occurred; that three lamp posts had been put up as early as 1857, and had been used for two or three years by the city, but they were then abandoned, and, for the past fifteen or sixteen years, the city had not used the gas for the purpose of lighting the streets.

While it is true that, among the powers conferred upon

the city council by the charter of the city of Freeport, is one providing " for lighting the streets and erecting lamp posts," yet it by no means follows that the failure of the city to avail itself of the power conferred, could properly be regarded as an act of negligence, in an action brought by a person who received an injury on the street.

Under the charter, the city had the power, if, in the wisdom of the council, it was deemed for the best interest of the city, to make provision for lighting the streets, but the exercise of that power was left discretionary with the legislative department of the incorporation.

The power conferred was a merely discretionary one, which the city could exercise or not, as it thought best for the interest of the municipality. Cities may have power to erect market houses, and open new streets, yet a failure to do either will create no legal liability, although a private individual may be damaged by non-action on the part of the city. As was said in *The City of Joliet* v. *Verley*, 35 Ill. 58, cities are under a political obligation to open such streets and build such market houses as the convenience of the community requires, but courts can not compel the performance of such duties, or hold them responsible for their non-performance.

The same may be said in regard to the power of lighting streets. It might be a matter of great convenience to have all our cities or incorporated towns well lighted, in the night-time, with gas, and it might add to the security of pedestrians whose business or tastes might require them to travel at late hours of the night; but to hold that a city or incorporated town was under a legal obligation to thus provide the streets with light, might well be regarded as an act of usurpation, on the part of the courts, of the legislative power, which has been exclusively delegated to the legislative department of the municipality.

It is, however, urged by appellee that the evidence was admissible under the ruling in *City of Chicago* v. *Powers*, 42 Ill. 169. There is, however, a clear distinction between the case cited and the principle here involved. In the case

referred to, the city had lighted a certain bridge where the accident occurred, as well as the street; but the injury arose from the fact that the light furnished by the city was insufficient to afford proper protection.

In this case, if the city of Freeport, under the power conferred by the charter, had assumed to light the street where the accident occurred, but had exercised the power in a negligent manner, and had failed, in the exercise of the power, to furnish lights sufficient to afford proper security from danger, a different rule would prevail, and the rule announced in the case cited would govern; but such is not this case. We are, therefore, of opinion it was error to admit the evidence.

It is next urged by appellant that the court erred in giving appellee's ninth and tenth instructions. The objection taken to the ninth is, that the jury might infer from it that the defendant was required to surround the excavation with a sufficient barricade, or protection, and also place a light at or near it, in order to relieve itself of gross negligence.

The instruction, although artfully drawn, we are not prepared to say is entirely free from the objection taken. An instruction should be so prepared as not to be of doubtful or uncertain meaning; otherwise, the jury may be misled. We are, therefore, inclined to hold the instruction should have been modified or refused.

The tenth instruction, should we ignore other objections urged against it, is liable to one serious objection. It has often been held that the jury should be instructed that their belief, or finding, must be founded upon the evidence, and yet, in the concluding part of the instruction, we find the following: "The jury should give the plaintiff such damages as they, under their oaths, can say will be a fair compensation for said injury, not exceeding, however, the sum of $10,000, the amount claimed in the plaintiff's declaration."

The law required the jury to determine the liability of the defendant from the evidence, and from that alone; and an instruction which would permit them to enter into an open

field of investigation can not be sustained. The instruction should have been modified, or the court should have refused it.

It is also insisted by appellant that the verdict is not sustained by the evidence; but, as the case will have to go before another jury, we do not desire to prejudice a second trial by an expression of opinion in regard to the evidence. We shall, therefore, refrain from any discussion of the facts; but upon the amount of the recovery, where the evidence is not clear that the injury received is of a permanent character, we feel constrained to say the amount of the judgment is larger than the testimony would seem to warrant.

For the errors indicated the judgment will be reversed and the cause remanded.

*Judgment reversed.*