## THE PRESIDENT, ETC. TOWN OF FAIRBURY

v.

## CHARLOTTE C. ROGERS.

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF SIDEWALKS.—It cannot be insisted that whenever a municipal corporation raises its sidewalk above the adjacent ground, that railings must be placed on each side of it, otherwise a liability may arise from a negligent construction. Nor is it allowable to determine that four feet is not a sufficient width in a sidewalk, to protect a municipality from the charge of negligence. The question of negligence in construction must in a great measure depend upon the particular circumstances of the case, and hence an assumption that a sidewalk only four feet wide is of itself a circumstantial act of negligence, is unwarrantable.

2. INSTRUCTION AS TO NEGLIGENCE.—An instruction that the jury should consider the evidence of the witnesses who passed over the sidewalk at the same time with the plaintiff, upon the question of the darkness of the night, and their knowledge of the walk, and not upon the question of the negligence of either plaintiff or defendant, is erroneous. If numerous persons passed over the walk the night of the accident, without perceiving any difficulty in the passage, or danger of mishap, such fact would be a proper circumstance for the jury to consider in determining whether the plaintiff used ordinary care to escape the injury complained of.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. R. T. PERRY and Mr. S. S. LAWRENCE, for appellant; that it is the duty of a municipal corporation to see that its

sidewalks are reasonably safe only, cited City of Rockford v. Hildebrand, 61 Ill. 155; City of Chicago v. McGiven, 78 Ill. 347.

The evidence as to whether the sidewalk was reasonably safe, was proper and should have been admitted: City of Joliet v. Verley, 35 Ill. 58; Alexander v. Mt. Sterling, 71 Ill. 366.

It must appear affirmatively that plaintiff was exercising due care for her personal safety: City of Mendota v. Fay, 1 Bradwell, 418.

Where both plaintiff and defendant were negligent, it must appear that plaintiff's negligence was comparatively slight, and that of defendant gross, to entitle the plaintiff to recover: Sterling Bridge Co. v. Pearl, 80 Ill. 251.

Plaintiff cannot expose herself to danger and recover damages for an injury which she might have avoided by the exercise of reasonable precaution: Lovenguth v. Bloomington, 71 Ill. 238; C. & A. R. R. Co. v. Becker, 76 Ill. 25.

Mr. L. E. PAYSON, for appellee; contended that the question of safe construction of the sidewalk was for the jury, cited City of Chicago v. McGiven, 78 Ill. 347; City of Chicago v. Langlass, 66 Ill. 361; Alexander v. Mt. Sterling, 71 Ill. 366.

It is the duty of a city to protect the public from such hazards by erecting barriers: City of Chicago v. Gallagher, 44 Ill. 295.

It was proper to restrict the effect of the evidence in this case by instruction: Rockford v. Hildebrand, 61 Ill. 155; Champaign v. Patterson, 50 Ill. 61.

It was proper to instruct the jury that the fact that the walk in question was made wider and better by the defendant soon after the accident, is a circumstance tending to show how the village authorities regarded it : Chicago v. Powers, 42 Ill. 169.

SIBLEY, P. J.   The declaration in this case contains but one count charging that the village of Fairbury was a corporation, and had within its limits sundry streets and alleys which it became its duty to keep in good and safe repair; that by the side of one of those streets a ditch had been dug to the depth of four feet, and the width of six.   That the ditch ran at right angles with a crossing that had been constructed over it for

foot passengers forty inches wide without any guard or railing on either side to protect persons from falling off into the ditch, and that owing to such negligent and defective construction of the crossing, in the absence of any lamps to light up the way, the appellee during the darkness of the night, while using due care, fell into the ditch and was injured.

There was considerable testimony on the trial of the case in the Circuit Court besides that of Mrs. Rogers, the plaintiff, who swore that in returning from church about nine or ten o'clock in the evening on a cloudy and moonless night, being unable to see anything, as she was feeling her way carefully along the walk; stepped off and fell into the excavation. She says that the darkness was so great that she could not see at all, but supposed she had passed the ditch before she undertook to step off the walk. There were several persons immediately before and many that followed directly after her, all of whom seem to have found no difficulty in seeing their way upon the walk notwithstanding the obscurity of the night, which it is clearly proven was not as dark as she represented it. The jury, upon the testimony, found the defendant guilty, and assessed the plaintiff's damages at $1,050. From the judgment entered upon that verdict, the town of Fairbury appealed to this court, and has assigned several errors · for reversing the action of the Circuit Court, the most of which we do not consider well taken. Whether the verdict is so contrary to the weight of evidence as alone to have required a new trial, we do not feel disposed to express a decided opinion.

Since the judgment must be reversed for other reasons, and the cause submitted to another jury, it does not become necessary to pass upon that error assigned. Still, it may be remarked that the appellee in her declaration, and through the whole case, seems to assume an attitude that the construction of a plank walk over the ditch of four feet wide only (which is the width all the witnesses concur in stating) without any guards or railing at the sides, was, *per se*, an act of negligence on the part of the town.

It will hardly be insisted that whenever a municipal corporation raises its sidewalk above the adjacent ground, that railings

The President, etc. v. Rogers.

must be placed upon each side of it; otherwise a liability may arise from a negligent construction.

Then if it is allowable to determine that four feet is not a sufficient width to protect a municipality against the charge of negligence, the inquiry may well arise, what width is requisite for these walks to be made in order to free the corporation from any liability on account of a defective construction? It is evident there must be some limit in width to render a construction unobjectionable. What that width shall be is a question not easily determined, and must, in a great measure, depend upon the particular circumstances of the case. Hence the assumption was an unwarrantable one that the construction of a walk four feet wide only was of itself a circumstantial act of negligence.

Mrs. Rogers, it will be recollected, when she comes to testify upon the stand, does not pretend that the narrowness of the walk was the cause of the accident, but the erroneous supposition that she had passed the ditch, induced her to step from the plank, when she was precipitated into the gutter, some three feet deep.

Upon a careful examination of the case, we are inclined to think that the first instruction given for the plaintiff in the court below, as follows:

1. "The jury are instructed that they should only consider the evidence of witnesses on the question of their passage over the walk in question, on that night, in determining the darkness of the night, their knowledge of the walk, and not upon the question of either the negligence of plaintiff or defendant," was calculated to mislead the jury, and should have been modified or refused. The jury may have understood it to mean that in considering the testimony of the witnesses who passed over the walk on the occasion of the accident, they should disregard entirely the question of negligence on the part of either the plaintiff or defendant. This, certainly, the court could not have intended the jury to understand as the correct law of the case. If those persons who went over the walk at the time of the accident, found no obstacle in the way, either of darkness or otherwise, to prevent a safe passage, it would

tend strongly to prove that the plaintiff failed to use ordinary care to avoid the accident. Hence, the evidence was pertinent to the question of negligence, as well as to the darkness of the night, and a knowledge of the walk by the witness or the plaintiff, who appears to have been acquainted with it for many years. If numerous persons were passing over that structure on the occasion of the accident, without perceiving any difficulty in the passage, or danger of mishap occurring, would not such fact be a proper circumstance for the jury to consider in determining whether the appellee exercised ordinary care to escape the injury complained of? If, as was said in the case of C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 274, the fact that other persons previous to the one for which suit was brought, were injured by the mail catcher, "had the force of direct testimony to produce conviction that it was placed in dangerous proximity to the railroad," the converse of that proposition must also be a correct rule to be guided by.

Thus, if many people passed along over that walk at the time of the accident, and no one received any injury on account of an imperfect construction, should the jury be told that they must not consider the circumstance as tending to prove negligence on the part of the plaintiff, or reasonable care exercised by the corporation in constructing the walk? Nor is it a sufficient answer to say that the language used in the instruction is susceptible of a different meaning.

For, as the Court says in the city of Freeport v. Isbell, 83 Ill. 440, "an instruction should be so prepared as not to be of doubtful or uncertain meaning, otherwise the jury may be misled."

This instruction being liable to the objection there pointed out, and the evidence in the case of such a character as to render the right of recovery against the corporation doubtful, we are of opinion that the case should be submitted to another jury. The judgment is therefore reversed and the cause remanded for a new trial.

Judgment reversed.

This case having been tried before PILLSBURY, J., he took no part in the decision here.