## City of Chicago v. Apel.

1. MUNICIPAL CORPORATIONS—*Duty to Light and Pave Streets.*—A municipal corporation, because it has the power to light and pave streets, is not bound to do so. When, either from its having undertaken to do so, or from any cause, it becomes the duty of such corporation to light an approach or street, it is sufficient if it do so in such a manner that it is in a reasonably safe condition for travel in the ordinary modes.

2. MUNICIPAL CORPORATIONS—*Not Insurers Against Accidents.*— *Intoxicated Persons.*—While cities may reasonably expect that intoxicated and reckless persons will have occasion to use their streets and bridges, yet, as they are not insurers against accidents, they are not bound to have their streets or bridges so well lighted that persons proceeding with reckless want of care, may safely pass along.

**Memorandum.**—Action on the case for personal injuries; commenced January 23, 1890. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 1, 1893.

### STATEMENT OF THE CASE.

The appellee brought suit to recover damages for injuries received by falling from the abutment at the west end of the 18th street bridge, on the night of April 27, 1889.

He bases his right of recovery upon the negligence of the city in not sufficiently lighting the approach to the bridge, negligently operating the bridge and failing to properly guard the approach. These were the issues presented. The jury found the city guilty and assessed the damages at the sum of $7,500. The city appealed.

Jacob J. Kern, attorney for appellant.

Appellee's Brief, Knight & Brown, Attorneys.

As to the question of the liability of the city for an injury happening on one of its bridges, the law, we think, is well settled that under the circumstances shown by the evidence in this case, the appellant is clearly liable. One of the cases arising in this State upon that subject is that of City of Chicago v. Gallagher, 44 Ill. 295. The question in that case was as to the liability of the city for the death of one Michael Gallagher, who fell into a slip crossed by a bridge. The case is nearly like the one at bar. In that case the court say:

"It appears that the slip was crossed by a bridge, which was much narrower than the street. The sidewalks on each side of the street ran to near the slip and then curved, so as to pass on the bridge; so that, in approaching, a person failing to follow the curve would, by pursuing a direct line, walk into the slip. There was no railing, wall or guard, on the outer edge of this curved sidewalk leading to the bridge. Hence, a person proceeding straight forward would meet with no obstruction to being precipitated into the slip. This was certainly extremely dangerous to persons passing in the dark. Persons would be liable to be precipitated into this slip, filled with mire and water, which, under any circumstances, would be dangerous to life, and extremely so in the dark, when objects could not be seen, and the means of escape not so readily employed as in the light."

Citing also City of Joliet v. Varley, 35 Ill. 58; City of Chicago v. Powers, Admx., 42 Ill. 169; Kelsey v. Glover, 15 Vt. 708; Angell on Highways, 275; City of Chicago v. Wright, 68 Ill. 586.

That a person may go upon a dangerous place in the streets and highways, as upon a sidewalk, and yet recover, has been decided in the case of Ellis v. Peru, 23 Ill. App. 35, and cases there cited. The only question being as to whether or not the party exercised reasonable care under the circumstances. Citing City of Joliet v. Conway, 17 Brad. 577; Bloomington v. Chamberlain, 104 Ill. 268; Aurora v. Dale, 90 Ill. 46; Aurora v. Hillman, 90 Ill. 61; Lovenguth v. Bloomington, 71 Ill. 238.

The law intrusts the trial of issues of fact to a jury, and there the court must leave it, except so far as it may be necessary to interfere to prevent a plain perversion of justice. Chicago & Northwestern Ry. Co. v. Ryan, 70 Ill. 215; Cross v. Carey, 25 Ill. 562.

OPINION OF THE COURT, WATERMAN, J.

In this case appellee brought suit to recover for injuries by him sustained in consequence of his falling into the river at 18th street bridge at Chicago. The negligence alleged is that appellant failed to keep the said bridge and the approaches thereto lighted so as to render it safe for a person to walk along and over the said bridge; that in consequence, the plaintiff, while exercising ordinary care in passing along said 18th street, fell into the river and was injured.

There is not in the declaration any showing either that the city had ever attempted to light the said bridge or its approaches or any statement showing that it was its duty so to do.

Municipal corporations, because they have the power to light and pave streets, are not bound to do so. City of Freeport v. Isbell, 83 Ill. 440.

When, either from its having undertaken so to do, or from any cause, it becomes the duty of a municipal corporation to light a bridge or street, it is sufficient if it do so in such a manner that they are in a reasonably safe condition for travel in the ordinary modes. Dillon on Municipal Corporations, Sec. 1019.

In the case at bar the jury were instructed as follows:

" 1.   The jury are instructed that if you believe from the evidence that the plaintiff in passing along West Eighteenth street fell into the draw of the West Eighteenth street bridge while the same was open for the passage of a vessel, then you are instructed that if you believe from the evidence such fall resulted from the failure of the city to sufficiently light said bridge or said place so as to make it reasonably safe for a person exercising ordinary care and caution for his own safety to pass over and along, and you further believe from the evidence, the plaintiff used such care as an ordinary prudent person would have used, under all the circumstances in evidence, and the plaintiff was injured by such fall, then the city is liable.

4.   The jury are instructed that it is the duty of the city, when it undertakes to light bridges, to so light the same that they will be reasonably safe for a person to pass, in the use of ordinary care, when the night is dark, as well as when it is light, and it must under such circumstances so light the bridge as to be safe for the passage of such persons over the bridge as the city will reasonably expect would have occasion to use said bridges, and if not sufficient to so light the bridges that they would be reasonably safe for a person whose eyesight is in perfect condition, but should be reasonably safe for all persons to pass who might reasonably be expected to pass over bridges, and you should not judge of this phase of the case as to whether it was sufficiently lighted for any particular person, but it must be sufficiently lighted for the passage of all persons who might reasonably be expected to have occasion to pass over the same.

5.   The jury are instructed in assessing the damages in this case, if you find the defendant guilty, you have a right to take into consideration the injury which he received, the loss of time and the moneys paid out by him in endeavoring to be healed, as shown by the evidence; and if you believe from the evidence that he will be permanently disabled or injured, or that his injury is permanent, then you have the

right to assess such damages as you believe from the evidence to be a fair and just compensation for the same."

The city might reasonably expect that intoxicated and reckless persons would have occasion to use its bridges, but as it is not an insurer against accidents, it is not bound to have its streets or bridges so well lighted that persons proceeding with reckless want of care, may go safely along.

The fourth instruction does not state correctly the obligation of the city, and in view of the evidence tending to show that the plaintiff was both very heedless, and to some extent intoxicated, was quite prejudicial to the defendant. Other instructions are also objectionable.

As the case will be remanded for another trial, we refrain from further comment upon the evidence.

The judgment of the Circuit Court is reversed and the cause remanded.

OPINION ON REHEARING, GARY, P. J.

A rehearing is asked for on the argument that allegations in the declaration that it was the duty of the city to light the bridge, are allegations of fact.

We have had frequent occasion to cite authority to the contrary. Funk v. Piper, 4593, this court. Rehearing denied.