## City of Chicago v. Mary L. McDonald, Administratrix.

1. MUNICIPAL CORPORATIONS—*Lighting of Streets.*—While municipal corporations have the power to light their streets, they are not bound to do so, and if they do undertake to light them, it is sufficient if they do

City of Chicago v. McDonald.

so in such a manner that they are in a reasonably safe condition for travel in the ordinary modes.

2. Same—*Negligence—Swinging Bridges.*—A municipal corporation by temporarily swinging from its place as a portion of the street, a bridge, thus having created a perilous chasm in the street, it was its duty to adopt such measures as were sufficient to give reasonable notice thereof, or such barriers as would afford reasonable protection to persons traveling in the usual manner.

**Memorandum.**—Action for damages. Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 10, 1895.

## Statement of the Case.

Mary L. McDonald, widow and administratrix of William A. McDonald, deceased, filed her declaration alleging that said deceased, on the third day of June, 1891, lost his life by falling into the Chicago river at South Halsted street bridge, and in the usual form alleged that on that day, and for a long time prior thereto, the city of Chicago had wrongfully and negligently failed to keep said street and said bridge properly lighted, and the approaches to said Halsted street bridge properly guarded, permitting the same to be and remain in bad and unsafe condition, and that deceased, who was driving along said street in the night time, and while it was dark, and owing to such dim and insufficient light, and while said bridge was turned for the purpose of allowing vessels to pass, drove his horse over the abutment of said bridge into the river, and was drowned.

In other counts of said declaration it was charged that the appellant had attempted to prevent accident and injury to individuals which might happen to them by reason of said bridge being swung open, by placing movable guards upon the approaches to said bridge, so arranged as to be placed across said street whenever said bridge should be swung open, but that appellant negligently allowed the guards about the approaches to be and remain broken and useless, improperly placed and insufficient in number, etc.

Another count charges appellant with allowing said Hal-

sted street near to said bridge to be and remain in bad repair, etc., and the city is also charged with negligence in not having any guard or watchman placed on the bridge to warn persons of the said bridge being open.

From the evidence it appeared that about eight o'clock on the evening when the accident took place, deceased, who was in the laundry business, was driving one of his wagons going south on Halsted street, and it is claimed that the bridge being swung, owing to the defective lights and want of railings, deceased drove into the chasm and was drowned.

A trial was had, resulting in a verdict and judgment against the defendant for $2,000.

The grounds upon which a reversal of this case is sought are:

Because it is insisted the verdict is against the weight of evidence, and also against the law, and because of the alleged admission of improper testimony on the part of the plaintiff.

APPELLANT'S BRIEF, GEORGE A. TRUDE, AND BENJAMIN F. RICHOLSON, ATTORNEYS.

Where a person voluntarily and unnecessarily places himself in a position well known to be a place of danger, and is injured, there can be no recovery for even gross negligence on the part of the defendant, the act of the defendant not being willful or wanton.   Abend v. Terre Haute & Ind. R. R., 111 Ill. 202; Chicago & N. W. R. R. v. Bliss, 6 Brad. 411; Chicago & A. R. R. v. Jacobs, 63 Ill. 178; Toledo, W. & W. R. R. v. Jones, 76 Ill. 311; Lake Shore & M. S. R. R. Co. v. Sunderland, 2 Ill. App. 307.

Where one knowingly exposes himself to danger, which he might readily avoid, he is so negligent as to preclude recovery.   Bloomington v. Read, 2 Ill. App. 542; Chicago, R. I. & P. R. R. v. Bell, 70 Ill. 102; Illinois C. R. R. v. Goddard, 72 Ill. 567; Illinois C. R. R. v. Godfrey, 71 Ill. 500; Chicago & A. R. R. v. Robinson, 9 Brad. 89; Austin v. C., R. I. & P. R. R., 91 Ill. 35; Chicago, B. & Q. v. Olson, 12 Brad. 245.

The plaintiff can not recover for an injury caused by mere

City of Chicago v. McDonald.

negligence when his own negligence was gross and contributed to the injury, whatever the negligence of the defendant.   Illinois C. R. R. v. Hetherington, 83 Ill. 510; Illinois C. R. R. v. Patterson, 93 Ill. 290.

Appellee's Brief, James A. Fullenwider, Attorney.

The appellant was not required to light Halsted street at place of accident, but having undertaken to do so, it should have done it well.   City of Chicago v. Powers, 42 Ill. 169; City of Freeport v. Isbell, 83 Ill. 441; Ludlow v. City of Yonkers, 43 Barb. (N. Y.) 493.

Failure to keep guards before draw-bridges when open is a question of negligence for the jury.   City of Chicago v. Gavin, 1 Brad. 302; Coppner v. Pennsylvania Co., 12 Brad. 600.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

Upon the question of the weight of the evidence we see no sufficient reason for interfering with the conclusion of the jury, approved as it was by the judge before whom the cause was tried.

It is quite true that while municipal corporations have the power to light their streets, they are not bound to do so; and that if they do undertake such task, it is then sufficient if they light them in such a manner that they are in a reasonably safe condition for travel in the ordinary modes. City of Chicago v. Apel, 50 Ill. App. 132; City of Freeport v. Isbel, 83 Ill. 440; Dillon on Municipal Corporations, Sec. 1019.

The accident under consideration happened on one of the most important streets of Chicago, and because of the creation of a perilous chasm in such street, by the act of the city in temporarily swinging from its place as a portion of the thoroughfare, a bridge over the Chicago river.

Having created such peril it was the duty of the city to adopt such measures as were sufficient to give reasonable notice thereof, or such barriers as would afford reasonable

protection to persons traveling in the usual manner; and whether it discharged this duty was a question of fact for the jury. Dillon on Municipal Corporations, Secs. 985 and 1005; Chicago v. Wright, 68 Ill. 586; Chicago v. Hesing, 83 Ill. 204; Chicago v. Hislop, 61 Ill. 86; Chicago v. Gavin, 1 Ill. App. 302; Kennedy v. New York, 73 N. Y. 365.

We do not think that the witness, English, a teamster, should have been permitted to testify as to whether at the time of the accident there were at the bridge guards, or arrangements which had been in use or could have been used by the city. Just criticism is made of the action of the court as to the admission of other evidence, but we do not find such errors in this regard as require us to reverse the judgment.

The verdict, under the evidence as to the age, character, business and earnings of the deceased is a very moderate one; it is unlikely that upon another trial so small a sum would be returned for the plaintiff. There is no evidence, other than such an inference as in any such case may be drawn from the accident itself, that the deceased was intoxicated, reckless, driving at a rapid speed, or unmindful of that of which he had reasonable notice and was bound to guard against; while there was evidence from which the jury might, as it did, find that upon the stormy night of the accident the city did not make use of such reasonable precautions as the law requires.

The judgment of the Circuit Court is affirmed.