## [No. 1556.]
## OLIVER v. THE CITY OF DENVER ET AL.

1. CITIES AND TOWNS—LIGHTING STREETS—NEGLIGENCE.

Where the charter of a city gives it power to provide for lighting its streets, but does not require it to exercise this power, there is no general duty devolved upon the city to light the streets that would make its failure to do so actionable negligence.

2. NEGLIGENCE—CITIES AND TOWNS—SIDEWALKS.

A city is not liable for personal injuries caused by a pedestrian stumbling and falling over a railing that the owner of an adjoining lot had placed along the edge of a sidewalk without the space of the constructed sidewalk but within the space of the sidewalk area between the sidewalk and street, where the sidewalk itself was unobstructed and was of sufficient width to accommodate the travelers in the locality in which it was constructed.

3. SAME.

Where a city charter does not require a city to maintain sidewalks of any specified width for the use of pedestrians, the width of a sidewalk designated by a city is a matter of discretion with the city, and this discretion cannot be reviewed judicially or passed upon by a jury, nor does it constitute actionable negligence unless it be shown that the discretion has been abused, and that the width of the sidewalk as constructed is clearly insufficient for the purpose of travel.

4. SAME.

It is the duty of a city or town to see that all parts of its streets open for travel, including sidewalks as well as carriage ways, are kept in repair, but that duty is performed when the way designated and evidently intended for travel is without obstruction or such structural defects as would endanger the safety of travelers, in the exercise by themselves of ordinary care.

5. PLEADING—DEMURRER—JOINT DEFENDANTS.

Where a complaint alleging a joint liability against two defendants is defective as to one, it must on general demurrer fail as to both.

*Error to the District Court of Arapahoe County.*

Messrs. BETTS & RINKLE, for plaintiff in error.

Mr. J. M. ELLIS and Mr. GUY LeR. STEVICK, for defendant in error, the city of Denver.

Mr. THOMAS H. HOOD, for defendant in error, Lucy W. S. Jerome.

WILSON, J.

This was an action to recover damages for personal injuries claimed to have been received by plaintiff, and to have been caused by the negligence of the defendants in placing and allowing obstructions upon a certain sidewalk in the city of Denver, and in a failure to have the street lighted at the place where the accident occurred.   Both the city and Mrs. Jerome, the owner of the premises abutting on the street at the point where the accident occurred, were made defendants. Each of the defendants demurred to the complaint of plaintiff on the ground that it did not state facts sufficient to constitute a cause of action.   The demurrer was sustained, and plaintiff electing to stand by his complaint, judgment was entered in favor of defendants.   All that portion of the complaint which it is necessary to consider is as follows :

" That the defendant, Lucy W. S. Jerome, was at the times hereinafter mentioned the owner of certain premises situate at the northeast corner of the intersection of two certain public streets in the city of Denver, to wit, Lincoln avenue and Eighteenth avenue, and which said premises abutted upon both said streets, and which said streets were common and public thoroughfares.

" That for a long time prior to the accident hereinafter set forth, and during more than two years, the said Jerome wrongfully and negligently erected and placed and maintained, or caused to be erected and placed and maintained at the said northeast corner of the intersection of said two streets next to and adjoining her said premises, and upon the sidewalks of said streets, certain iron guards or railings about one foot high above the surface of the sidewalk, and extending several feet on each side of the stone walk or flagging at the intersection of said sidewalk, and thereby at said point restricting the use of said sidewalk to the width of the stone flagging,

and being four feet; and the said guards or railing so placed were an obstruction to the use of the sidewalk at said point, and rendered and caused the said sidewalk to be and remain in an unsafe and dangerous condition, especially in the night-time, and was in such condition on the night of October 26, 1895.

"4.. That the defendant, the city of Denver, and its officers and agents, had full knowledge of the unsafe and dangerous condition of said sidewalks, or by the use of ordinary prudence and diligence could have ascertained same, but carelessly and negligently allowed the said sidewalk to be and remain in said unsafe and dangerous condition, and carelessly and negligently allowed the said sidewalk and said street intersection to remain dark, and without any light, and has allowed same to be in such condition for several years last past, and same was in such unsafe and dangerous condition and entirely unlighted and dark on the night of October 26, 1895, as aforesaid.

"5. That the plaintiff on the said night of October 26, 1895, and at about seven P. M. of that day, was lawfully and rightfully traveling and passing on and over said sidewalk at said point, while said sidewalk was dark and unlighted, and in said unsafe and dangerous condition as aforesaid, and was wholly unaware of said obstruction, and without fault or negligence on his part, ran against and tripped against and upon, and fell heavily over and upon said iron guard or railing or obstruction, and upon the stone flagging of the sidewalk, whereby he received great bodily injury, and sustained bruises in and about his head, body and arms, and one wrist was broken, and he was made sick, sore and lame for a long time, and unable to attend to or perform his business for about three months, and is still suffering from said injuries so received, and was compelled to expend about $250 for medical attendance and nursing, all to his damage of five thousand ($5,000)."

It will be seen that the negligence of defendants alleged in the complaint, and upon which plaintiff bases his right to

recover, is the obstruction of the sidewalk and the failure to light the street at this point. The facts stated show that the alleged obstruction was without the constructed sidewalk, but it is not shown whether it was within, without, or on the line of the sidewalk area, which latter condition might materially affect the duty and corresponding liability of the city.

The city charter of Denver gives the city power to provide for lighting its streets, but it nowhere specially requires it to exercise this power. The exercise of the power being discretionary, a failure in this respect cannot be construed as actionable negligence. It would be, of course, a matter of great convenience to have all the streets of cities and incorporated towns well lighted during the night, but as to whether the great expense should or ought to be incurred, is a matter which must be determined by the municipal authority, acting as it conceives best for the whole municipality. To hold that a municipality is under a legal obligation and duty to provide all of its streets with light, would be an unquestioned invasion by the courts of the power and privilege which have been exclusively delegated to the legislative department of the municipality. Where a city assumes to light a street, and does it so imperfectly as to constitute negligence, is another question, and one which is not presented by this complaint. Dillon, Municipal Corporations, § 1010; *City of Freeport v. Isbell*, 83 Ill. 440. These remarks apply only to the general duty of the city in reference to lighting its streets. The extent and measure of the duty resting upon a city to require a street opened for travel to be lighted at a point where, from any cause, there is reasonable ground to anticipate danger in its use by persons who are themselves in the exercise of the required care and caution, is not involved in this case under the facts presented.

With reference to the other acts complained of as constituting actionable negligence, namely, the obstruction of the sidewalk, it will be observed that the facts set forth negative the conclusion. The obstruction, if it was such, was not upon the sidewalk, but at the side of it. and it did not

extend, so far as appears from the complaint, over the sidewalk proper so as to obstruct or impede passage upon it. The city charter nowhere requires the city to maintain a sidewalk of any specific width for the use of pedestrians. This is left to its discretion, and the exercise of such discretion cannot be reviewed judicially or passed upon by a jury so long as no distinct legal duty has been violated. It has power to designate what width of sidewalk is necessary in particular localities, and so long as it does not appear that there has been an abuse of discretion, and that the width so designated is clearly insufficient for the purposes of travel, this discretion is not reviewable, and does not constitute actionable negligence. It is a matter of common knowledge in all cities and towns that this discretion is always exercised, and properly so, the same width of walk not being necessary in residence portions as in the business districts. It is true that a town or city is charged with the duty of seeing that all parts of its streets open for travel, including the sidewalks as well as carriage way, are kept in repair, but the general rule is that it performs that duty when the way designated, and evidently intended for travel, is without obstruction or such structural defects as to endanger the safety of travelers in the exercise themselves of ordinary care. These views are well settled, and sustained by ample authority. Dillon, Municipal Corporations, §§ 1003–1008; *McArthur v. Saginaw*, 58 Mich. 357; *Vanderhurst v. Tholcke*, 113 Cal. 147; *City of Atlanta v. Milam*, 95 Ga. 135. In the case at bar it appears from the allegations of the complaint that the paved or flagged way for the use of travelers at the point where this accident occurred, was four feet in width, and there is no allegation that this space, which and which alone was manifestly intended for the use of pedestrians, was insufficient, that it was defective in construction, or that there was any obstruction whatever upon it. The only conclusion which can be drawn from the statements of the complaint is that the plaintiff was injured in attempting to step from this portion of the sidewalk area, prepared and

plainly provided for the use of foot passengers, to a part of the sidewalk area not intended for foot travel, or that he was crossing from the street to the sidewalk over a portion of the sidewalk area not intended for such foot travel. In either event he had no right to assume that the way from the sidewalk to the street was smooth and even, but was himself required to exercise a caution and prudence adapted to the nature of the case. *Raymond v. City of Lowell*, 6 Cush. 524; *Alline v. City of Le Mars*, 71 Ia. 654.

What we have said is with reference more particularly to what was necessary under the facts as alleged to state a cause of action against the city. In this the complaint was defective. It did not set forth such facts as would constitute actionable negligence on its part. We do not intend to say that these views would be applicable if the action were sought to be maintained against the property owner alone, in a case where this would be permissible, but in this case the complaint alleging a joint liability of the two defendants, if it be defective as to one, it must on general demurrer fail as to both. Nor do we wish to be understood as holding that in no case would the city be liable for injuries received, as complained of in this instance, within the sidewalk area but without that part of it occupied by the flagging or artificial walk. The extent of the duty of the city as to this area not covered by the constructed walk in seeing that it was kept free from obstruction to the safe and convenient travel of pedestrians, would depend in some degree upon the uses to which it was set apart or allowed to be set apart under the powers granted to the city under its charter, as well as upon the character of the alleged obstruction. The measure of the duty and corresponding liability might also depend upon the fact as to whether the constructed walk was of width sufficient to subserve its purpose, and whether it was at the time and place of the accident in such condition of repair as to furnish easy, safe and ample facilities for the passage thereon and thereover of pedestrians. And it cannot be said that all of these are matters of defense only, and must be

specially pleaded as such. The complaint must contain such allegations of facts as to show upon its face the legal duty of the city and its liability.

In this instance, the complaint specifically alleges that the obstructions complained of restricted the use of the sidewalk at that point to the width of the stone flagging. By the construction of an artificial walk a city invites the travel of pedestrians upon it and upon it alone. The duty is incumbent upon it to keep this in reasonable repair, but the measure of this duty is quite different from that to keep the remainder of the sidewalk area free from obstructions, and in suitable and safe condition for travel. The city had a right to insist that the complaint advise it specifically what duty it was charged with having neglected. The evident theory of the complaint, and that upon which under the facts as stated the plaintiff would be entitled to recover if at all, is that the artificial walk was of insufficient width, but this is nowhere alleged as it should have been.

A very recent opinion of the New York court of appeals published since this opinion was written, and rendered in a case which involved a very similar state of facts and the identical principles upon which the case at bar turns, supports fully the views which we have expressed. *Dougherty v. Trustees of Village of Horseheads*, 53 N. E. Rep. 799.

For these reasons we think the demurrers were properly sustained, and there being no attempt to amend the complaint as could have been done, judgment was properly rendered in favor of defendants.

*Affirmed.*

BISSELL, P. J., not sitting.