THE CITY OF DAYTONA, A MUNICIPAL CORPORATION, *Plaintiff in Error,* v. SARAH A. EDSON AND H. O. EDSON, HER HUSBAND, *Defendants in Error.*

46 463
f58 20J

1. Municipal corporations are required to exercise reasonable diligence in repairing defects in streets and sidewalks after the unsafe condition thereof is known or ought to have been known to them or to their officers having authority to act for them. It is essential to liability in such cases to allege in the declaration facts which show negligence on the part of the

corporation, and a mere general allegation that the corporation negligently suffered and permitted the street or sidewalk to remain out of repair without alleging knowledge of the defect, the time it was permitted to remain out of repair, or other facts showing negligence on the part of the municipal body, will not be sufficient.

2.  Where the charter of a city gives it power to provide for lighting its streets, but does not require it to exercise such power, there is no general duty devolved upon the city to light the streets that will make its failure to do so actionable negligence.

This case was decided by Division B.

Writ of error to the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*I. A. Stewart* (with whom was *Egford Bly* on the brief) for plaintiff in error.

No appearance for defendants in error.

CARTER, P. J.—On December 15, 1898, defendants in error brought an action against plaintiff in error in the Circuit Court of Volusia county to recover damages for personal injuries. The declaration alleges that defendant before and on the 12th day of September, 1897, was possessed and had control of certain public sidewalks and streets, on a certain street called Beach street in said city, and "ought to have kept the same in good and safe repair and condition, yet the defendant not regarding its duty in that behalf while it was so possessed and had control of said sidewalk and street, to-wit: on the day aforesaid, there wrongfully and negligently suffered to be and remain in bad and unsafe repair and condition and divers holes then and there being on said sidewalk and street uncovered and exposed in the night time and dark, said street not being lighted, said holes remained uncovered and exposed to be

fallen into without warning by the travelers on said street and sidewalk; by means whereof the plaintiff, Sarah A. Edson, who was then and there passing along and upon said sidewalk and street then necessarily and unavoidably stepped into one of the numerous holes in said sidewalk and street and unavoidably tripped, stumbled and fell against and upon said sidewalk and street, and was thereby thrown and fell to, upon said sidewalk and street and the ground there," and that thereby she sustained injuries to her person particularly set out in the declaration, but which it is unnecessary to repeat here.

The defendant filed its demurrer to the declaration which was overruled, whereupon it filed pleas upon which issue was joined, and at a trial had in November, 1900, verdict and judgment were rendered in favor of plaintiff for $1,000. The defendant seeks to reverse this judgment by the present writ of error.

The only question necessary to be considered, in view of the conclusion reached, arises upon the assignment of error questioning the propriety of the ruling on demurrer. In *City of Orlando v. Heard,* 29 Fla. 581, 11 South. Rep. 182, it was held that in actions against municipal corporations for injuries resulting from failure to repair streets or sidewalks, the gist of the action is negligence on the part of the corporation, that such corporations are required to exercise reasonable diligence in repairing defects in streets and sidewalks after the unsafe condition thereof is known or ought to have been known to them or to their officers having authority to act for them; that it is essential to liability in such cases to allege in the declaration facts which show negligence on the part of the corporation, and that a general allegation that the corporation negligently suffered and permitted the street or sidewalk to remain out of repair without alleging knowledge of the defect, the time it was permitted to remain out of repair, or other facts showing negligence on the part of the municipal body, will not be sufficient. The only difference between the declaration in

that case and the declaration in the present one is that there is a statement in this declaration that the street was not lighted, and, therefore, unless the fact alleged, *viz*: that the street was not lighted, constitutes actionable negligence, the declaration in this case is bad on demurrer under the decision above referred to. The charter of the city (chapter 4640, acts of 1897) empowers but does not require the city council "to provide for the lighting of the city by gas or other illuminating materials." The authorities very generally hold that where the charter of a city gives it power to provide for lighting its streets, but does not require it to exercise this power, there is no general duty devolved upon the city to light the streets that would make its failure to do so actionable negligence. Elliott on Roads & Streets, sec. 623; 2 Dillon on Municipal Corporations, sec. 1010; 15 Am. & Eng. Ency. of Law (2nd ed.), 441; *Oliver v. City of Denver,* 13 Colo. App. 345, 57 Pac. Rep. 729; *Miller v. City of St. Paul,* 38 Minn. 134, 36 N. W. Rep. 271; *Canavan v. City of Oil City,* 183 Pa. St. 611, 38 Atl. Rep. 1096; *Randall v. Eastern-Railroad Company,* 106 Mass. 276; *City of Freeport v. Isbell,* 83 Ill. 440; *Gaskins v. City of Atlanta,* 73 Ga. 746. See, also, *City of Indianapolis v. Scott,* 72 Ind. 196. Whether, if the city had undertaken to light its streets under the power granted, or had known of the alleged defects in the street, and in the one case had been guilty of negligence in the matter of lighting, or in the other had failed to provide a light on the defective portion of the street, such acts would constitute actionable negligence, is not here decided, as the allegations of the declaration do not involve those questions. We think the court erred in its order overruling the demurrer, and for this error the judgment will be reversed and the cause remanded with directions that the demurrer to the declaration be sustained, and for such further proceedings as may be conformable to law. In adhering to the ruling in *City of Orlando v. Heard,* as applicable to this case, the court does not intend to limit or qualify the rule announced in *Consumers Electric Light*

*& Street Railroad Company v. Pryor,* 44 Fla. 354, 32 South. Rep. 797, and other decisions by this court referred to therein as to pleading negligence in other cases.